UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
PATRICIA LIZARRAGA,

        Plaintiff,                             08 Civ. 01732 (RMB)

    -against-                              <u>ANSWER</u>

CALYON SECURITIES (USA), INC.,

        Defendant.
------------------------------------------------------------------------X

       Defendant Calyon Securities (USA), Inc., by its attorneys Hogan & Hartson LLP,

Answers the Complaint as follows:

       1.      Denies knowledge or information sufficient to form a belief as to the allegations

in paragraph 1, except admits that plaintiff was employed by Calyon Securities (USA), Inc. or its

predecessor from October 5, 2000 until she resigned and departed on May 10, 2007.

       2.      Denies the allegations in paragraph 2, except admits that Calyon Securities (USA),

Inc. has its principal place of business at 1301 Avenue of the Americas, New York, New York

10019.

       3.      Denies the allegations in paragraph 3, except admits that plaintiff purports to

proceed as described therein.

       4.      Admits the allegations in paragraph 4.

       5.      Denies knowledge or information sufficient to form a belief as to the allegation in

paragraph 5.

       6.      Denies knowledge or information sufficient to form a belief as to the allegations

in paragraph 6.

7.      Denies knowledge or information sufficient to form a belief as to the allegations in paragraph 7.

8.      Denies knowledge or information sufficient to form a belief as to the allegations in paragraph 8.

9.      Denies the allegations in paragraph 9, except admits that the principal office of Calyon Securities (USA), Inc. is in New York City and that plaintiff worked, in part, in New York City.

10.     Denies the allegations in paragraph 10, except admits that plaintiff began work on October 5, 2000 with the rank of vice president.

11.     Denies the allegations in paragraph 11.

12.     Admits the allegations in paragraph 12.

13.     Denies the allegations in paragraph 13.

14.     Denies the allegations in paragraph 14, except admits plaintiff was promoted to Managing Director in January 2005.

15.     Denies knowledge or information sufficient to form a belief as to the allegations in paragraph 15, except admits that Lizarraga began maternity leave on January 6, 2006.

16.     Denies the allegations in paragraph 16.

17.     Denies the allegations in paragraph 17.

18.     Denies the allegations in paragraph 18, except admits that plaintiff participated in the annual performance evaluation process in early 2006 and admits, on information and belief, that plaintiff expressed an interest in taking responsibility for a sector.

19.     Denies the allegations in paragraph 19, except admits that plaintiff received a global rating of professional skills of Competent, that plaintiff received various ratings in various

categories and respectfully refers the Court to the document for the accurate and complete text thereof.

20.     Denies the allegations in paragraph 20, except admits that the quoted words were included in plaintiff's 2005 performance evaluation and respectfully refers the Court to the document for the complete and accurate text thereof.

21.     Denies the allegations in paragraph 21.

22.     Denies the allegations in paragraph 22.

23.     Denies the allegations in paragraph 23.

24.     Denies the allegations in paragraph 24.

25.     Denies the allegations in paragraph 25.

26.     Denies the allegations in paragraph 26.

27.     Denies the allegations in paragraph 27, except admits that the quoted words relating to plaintiff's 2005 performance appeared on plaintiff's 2005 performance appraisal and respectfully refers the Court to the document for the accurate and complete text thereof.

28.     Denies the allegations in paragraph 28, except admits that plaintiff met with Donna Hayes on or about October 30, 2006 and made statements to Hayes about women.

29.     Denies the allegations in paragraph 29.

30.     Denies the allegations in paragraph 30.

31.     Denies the allegations in paragraph 31, except admits that the quoted words were written in an email and respectfully refers the Court to the document for the accurate and complete text thereof.

32.     Denies the allegations in paragraph 32, except admits that the quoted words appeared in an email sent to plaintiff and copied to other persons, and respectfully refers the Court to the document for the accurate and complete text thereof.

33.     Denies the allegations in paragraph 33.

34.     Denies the allegations in paragraph 34, except admits that plaintiff met with Donna Hayes on or about November 16, 2006, told plaintiff the conclusion she reached during her investigation, needed to guard against insubordination and offered to assist in finding a solution if there were any issues between plaintiff and her managers.

35.     Denies the allegations in paragraph 35.

36.     Denies the allegations in paragraph 36, except admits that plaintiff filed a Charge of Discrimination with the EEOC.

37.     Denies the allegations in paragraph 37.

38.     Denies the allegations in paragraph 38.

39.     Denies the allegations in paragraph 39, except denies knowledge or information sufficient to form a belief as to the referenced communications.

40.     Denies the allegations in paragraph 40.

41.     Denies the allegations in paragraph 41, except admits that she received "partly satisfactory" ratings in some categories and that the referenced words appear on the performance evaluation and respectfully refers the Court to the document for the accurate and complete text thereof.

42.     Denies the allegations in paragraph 42.

43.     Denies the allegations in paragraph 43.

44.     Denies the allegations in paragraph 44, except admits that plaintiff expressed dissatisfaction to Francois Pages.

45.     Denies the allegations in paragraph 45.

46.     Denies the allegations in paragraph 46.

47.     Denies the allegations in paragraph 47.

48.     Denies the allegations in paragraph 48.

49.     Denies the allegations in paragraph 49.

50.     Denies the allegations in paragraph 50.

51.     Denies the allegations in paragraph 51.

52.     Denies the allegations in paragraph 52.

53.     In response to paragraph 53, repeats and realleges its responses to the enumerated paragraphs as if fully set forth herein.

54.     Admits the allegations in paragraph 54.

55.     Admits the allegations in paragraph 55.

56.     Denies the allegations in paragraph 56.

57.     Denies the allegations in paragraph 57.

58.     Denies the allegations in paragraph 58.

59.     Denies the allegations in paragraph 59.

60.     In response to paragraph 60, repeats and realleges its responses to the enumerated paragraphs as if fully set forth herein.

61.     Denies the allegations in paragraph 61, except admits that plaintiff was an "employee" under the New York State Human Rights Law.

62.    Denies the allegations in paragraph 62, except admits that defendant is an "employer" under the New York State Human Rights Law.

63.    Denies the allegations in paragraph 63.

64.    Denies the allegations in paragraph 64.

65.    Denies the allegations in paragraph 65.

66.    In response to paragraph 66, repeats and realleges its responses to the enumerated paragraphs as if fully set forth herein.

67.    Admits the allegations in paragraph 67.

68.    Denies the allegations in paragraph 68, except admits that defendant is an "employer" under the New York City Human Rights Law.

69.    Denies the allegations in paragraph 69.

70.    Denies the allegations in paragraph 70.

71.    Denies the allegations in paragraph 71.

72.    In response to paragraph 72, repeats and realleges its responses to the enumerated paragraphs as if fully set forth herein.

73.    Denies the allegations in paragraph 73, except admits that plaintiff was an "employee" under the definition applicable to the Equal Pay Act.

74.    Denies the allegations in paragraph 74, except admits that defendant is an "employer" under the definition applicable to the Equal Pay Act.

75.    Denies the allegations in paragraph 75.

76.    Denies the allegations in paragraph 76.

77.    Denies the allegations in paragraph 77.

78.     In response to paragraph 78, repeats and realleges its responses to the enumerated paragraphs as if fully set forth herein.

79.     Denies the allegations in paragraph 79, except admits that plaintiff was an "employee" under the definition applicable to the New York State Equal Pay Law.

80.     Denies the allegations in paragraph 80, except admits that defendant is an "employer" under the definition applicable to the New York State Equal Pay Law.

81.     Denies the allegations in paragraph 81.

82.     Denies the allegations in paragraph 82.

83.     Denies the allegations in paragraph 83.

84.     In response to paragraph 84, repeats and realleges its responses to the enumerated paragraphs as if fully set forth herein.

85.     Denies the allegations in paragraph 85.

86.     Denies the allegations in paragraph 86.

87.     Denies the allegations in paragraph 87.

88.     Denies the allegations in paragraph 88.

89.     Denies the allegations in paragraph 89.

90.     In response to paragraph 90, repeats and realleges its responses to the enumerated paragraphs as if fully set forth herein.

91.     Denies the allegations in paragraph 91.

92.     Denies the allegations in paragraph 92.

93.     Denies the allegations in paragraph 93.

94.     Denies the allegations in paragraph 94.

95.     In response to paragraph 95, repeats and realleges its responses to the enumerated paragraphs as if fully set forth herein.

96.     Denies the allegations in paragraph 96.

97.     Denies the allegations in paragraph 97.

98.     Denies the allegations in paragraph 98.

99.     Denies the allegations in paragraph 99.

100.    Denies the allegations in paragraph 100.

101.    In response to paragraph 101, repeats and realleges its responses to the enumerated paragraphs as if fully set forth herein.

102.    Denies the allegations in paragraph 102, except admits that plaintiff was an "employee" during a portion of her employment with defendant.

103.    Admits the allegations in paragraph 103.

104.    Admits the allegations in paragraph 104.

105.    Denies the allegations in paragraph 105, except admits that on or about January 6, 2006 plaintiff began a leave of absence that she requested because of the birth of a child.

106.    Denies the allegations in paragraph 106.

107.    Denies the allegations in paragraph 107.

108.    Denies the allegations in paragraph 108.

109.    Denies the allegations in paragraph 109.

110.    Denies the allegations in paragraph 110.

111.    Denies the allegations in paragraph 111.

FIRST AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim upon which relief can be granted.

SECOND AFFIRMATIVE DEFENSE

Defendant had legitimate, nondiscriminatory business reasons for every decision made with respect to plaintiff.

THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because she resigned from her employment.

FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by her inadequate job performance.

SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by insubordination on her part.

SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by disloyalty on her part.

EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because of failure to follow policies and procedures.

NINTH AFFIRMATIVE DEFENSE

Plaintiff cannot recover punitive damages for any alleged unlawful discriminatory practice because, at all times relevant to the Complaint, defendant engaged in good-faith efforts to comply with its obligations under all federal, state and local laws relating to discrimination.

WHEREFORE defendant respectfully requests that this Court dismiss plaintiff's

Complaint in its entirety and award defendant its costs and attorney's fees incurred in this case.

Dated: New York, New York
       March 28, 2008

HOGAN & HARTSON LLP

By:_____/s/_____
   Barbara M. Roth (BR 1982)
   Christine M. Wilson (CW 3440)
   875 Third Avenue
   New York, New York 10022
   (212) 918-3000

*Attorneys for Defendant Calyon
Securities (USA), Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
PATRICIA LIZARRAGA,

               Plaintiff,                              08 Civ. 01732 (RMB)

        -against-

CALYON SECURITIES (USA), INC.,

               Defendant.
------------------------------------------------------------------------X

CERTIFICATE OF SERVICE

      I, Christine M. Wilson, hereby certify that on March 28, 2008, I caused the accompanying **ANSWER** and **STATEMENT OF DEFENDANT PURSUANT TO FED. R. CIV. P. 7.1** to be served electronically (via the Court's ECF system) and by regular first class mail to the person named below:

David L. Greenberger, Esq.
Liddle & Robinson, L.L.P.
800 Third Avenue
New York, NY  10022
(212) 687-8500
Attorneys for Plaintiff

Christine M. Wilson (CW 8440)

Attorneys for Defendant Calyon Securities (USA),
Inc.
875 Third Avenue
New York, New York 10022
(212) 918-3000