

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------x

PATRICIA LIZARRAGA,

                Plaintiff,

      -against-

CALYON SECURITIES (USA), INC.,

                Defendant.

-------------------------------------------------------x

Docket No. 07 Civ. 1732
(RMB) (THK)

## CONFIDENTIALITY STIPULATION AND ORDER

Plaintiff Patricia Lizarraga and Calyon Securities (USA), Inc. ("Calyon"), through their respective counsel, stipulate to entry of the following protective Order pursuant to Federal Rule of Civil Procedure 26(c):

### Categories and Designated Protected Information

1.     This Stipulation and Order governs the use and handling of documents, exhibits, deposition testimony, video and audio tapes, and other information (collectively, "Material"), produced by any party ("Party") to another Party in the above-captioned action.

2.     The following specified categories of information produced by a Party in discovery will be designated and treated as "confidential" in this litigation: non-public financial information; proprietary financial modeling involving trading activity and valuation; proprietary business information, including business plans, budgets, forecasts or strategies; relevant personal information for current and former employees of Calyon, such as compensation, performance reviews, medical information, tax information and immigration information or status; and employment and compensation policies and/or practices, except that Calyon agrees to waive any

asserted confidentiality of any documents showing Lizarraga's compensation and performance while employed at Calyon.

3. A Party producing documents in discovery, or otherwise producing discovery that contains information described in paragraph 2 above, that the Party believes, in good faith, should be treated as confidential in this litigation, can designate information contained within the discovery as "confidential." Only the specific information identified as "confidential," via the procedures set forth in subparagraph 3(a) and/or 3(b) herein, will be deemed confidential.

(a) In the case of documents, designation shall be made by placing the legend "CONFIDENTIAL" on each page of any such document prior to production.

(b) With regard to a portion of any deposition testimony, including the transcript or recording of such testimony, that discusses confidential information, the Party seeking to have the information kept as "confidential" must send a letter to counsel of record within ten (10) business days after the transcript is delivered (or fifteen (15) business days if the deposition at issue was taken within three (3) days of another) to the Party designating those portions of said testimony as "confidential." The Party must simultaneously specify what information is deemed "confidential" and set forth one or more of the bases enumerated in paragraph 2 for the "confidential" designation. During the deposition a Party may state, on the record, its intent to designate a portion of a deposition as "confidential." This statement, or lack thereof, does not replace the requirement that a Party must send the aforementioned letter designating those portions of said testimony as confidential.

(c) If a Party did not treat the material as confidential before discovery commenced in this litigation, the material may not be designated as "confidential" in this litigation.

2

4. The inadvertent production or disclosure of any document, material or information that a producing party claims is subject to the attorney-client privilege, attorney-work product privilege, or any other applicable privilege shall not be deemed a waiver, in whole or part, of any claim of privilege. The parties further agree that all such documents or materials inadvertently disclosed (and all copies of such materials) shall be returned by the party in possession to the producing party promptly after receipt of a written demand for such return by the non-producing party, after which the non- producing party shall not make any use or disclosure of such documents or materials and shall delete all such documents/materials (including copies thereof) from all electronic databases and the like and shall certify in writing that all copies have been returned or destroyed.

5. A producing party's inadvertent failure to designate material as "confidential" in accordance with the terms of this Order will not preclude a later designation that such materials are "confidential" provided, however, that such designation is made within a reasonable time-period and in good-faith. If another party treats such information as non-confidential before being informed that that information should have been designated "confidential," such pre-designation treatment shall not be a violation of this Order.

6. Material that has been designated as "confidential" ("Confidential Material") under paragraph 3 shall be treated as confidential by the Parties. All persons to whom a Party discloses confidential material shall be bound by this Order. It shall be the responsibility of counsel for each Party to this action to insure that persons authorized to receive confidential material pursuant to this Order have knowledge of the terms of this Order and agree to be bound by them. Counsel shall inform each non-party ("Nonparty") given access to Confidential Material pursuant to the terms hereof that (a) the Confidential Material is being disclosed

pursuant to and subject to the terms of this Order and may not be disclosed or used other than pursuant to the terms hereof; and (b) that the violation of the terms of this Order (by use of the Confidential Material in any impermissible manner) may constitute a violation of a Court order.

    (a)    Confidential Material may be disclosed to:

        (i)    the Parties, counsel of record and other counsel for the Parties and such employees, experts, contractors, agents and consultants working with counsel, if any;

        (ii)    the litigation forums in which such proceeding may proceed (including the Court, court reports, stenographic reporters); and

        (iii)    witnesses in preparation for or in depositions or pre-trial or trial proceedings relating to this proceeding.

    (b)    Notwithstanding any of the foregoing provisions, any Party may disclose Confidential Material produced by it to any other individual or entity, without waiving such confidential designation. Any other person as to whom the Party producing such Confidential Material shall agree to the terms of this Stipulation and Order as required by paragraph 5.

### Dispute of Confidential Designation

7.    At any time, a Party receiving Confidential Material (the "Receiving Party") may, acting in good faith, notify the designating and other Parties in writing that it disputes the designation of information and/or a document as "confidential." The Receiving Party shall not be obligated to challenge the proprietary of the designation of Material as Confidential Material at the time made, and failure to do so shall not preclude a subsequent challenge thereto.

    (a)    If the Receiving Party challenges such designation, it shall send or give notice to counsel for the other Party(ies), and counsel for the Parties shall attempt to resolve any challenge

in good faith on an expedited and informal basis. If the challenge cannot be expeditiously and informally resolved within ten (10) days of the challenge, the Party disputing the designation of information and/or a document as "confidential" shall file a motion seeking an order to that effect with the Court within ten (10) business days after the Parties' good-faith efforts to resolve such dispute have concluded.

(b)   In the event a Party objecting to the designation of certain Material as "confidential" files a motion with the Court to that effect, the Material at issue will be treated as Confidential Material until such a time that the Court rules on the motion. If no such motion is filed, then the Material will continue to be treated as "confidential."

### Documents Filed in Court

8.   If a Party files a motion (the "Moving Party") not involving judicial documents, as defined by caselaw, and intends to file Confidential Material in the public docket, the Moving Party must give the Party producing Confidential Material (the "Producing Party") five (5) business days notice of its intent to use Confidential Material in the motion. Once notice is given, the Producing Party will have four (4) business days to object in writing to the proposed public filing. If the Producing Party does not object, the Confidential Material may be filed as part of the public docket.

### Miscellaneous Provisions

9.   The signatories hereto may at any time, on reasonable notice of not less than four (4) business days, move for modification of this Stipulation and Order.

10.   This Stipulation and Order does not amend, alter, or otherwise affect the requirements and/or burdens of proof as set forth by the Federal Rules of Civil Procedure, the Local Civil Rules, and/or applicable caselaw. The Party designating any document or

5

information as "confidential" shall have the burden of establishing the confidentiality of such document and/or information under applicable law.

11. Nothing in this Stipulation and Order shall be deemed to be a waiver of any discovery or evidentiary objection.

12. A Party who has designated information as "confidential" pursuant to this Stipulation and Order may not use that designation as a ground or reason for refusing to produce any information or documents in any other matter, including civil or criminal litigation, arbitration, administrative proceedings, or governmental investigation, regardless of whether such information or documents are sought pursuant to a discovery request, subpoena, request for information or otherwise.

13. This Stipulation and Order shall not prohibit any Party hereto from responding to subpoenas that are valid and enforceable under the law applicable to this proceeding as issued by a court of law having jurisdiction over the Party receiving the subpoena, or from responding to a request for documents or information by a governmental agency or self-regulatory organization having jurisdiction over a Party in this proceeding. Any Party who receives such a subpoena must provide a copy of the subpoenas to all other Parties upon receipt of the subpoena.

14. At the conclusion of this action, including exhaustion of all appeals, all Confidential Material and all copies, excerpts or summaries thereof (except documents constituting attorney work product and filings in the Court of record in this case, including exhibits) shall be promptly returned to the producing Parties or destroyed (including without limitation all copies provided to testifying or consulting experts). The receiving counsel of record for each Party shall certify to the producing Party in writing within 60 days of the conclusion of this action that all such materials have been so destroyed or returned.

6

15. Any Non-party that produces documents in response to a valid subpoena or court order can agree in writing to be bound by the terms of this Stipulation and Order.

AGREED AND APPROVED:

| LIDDLE & ROBINSON, L.L.P. | HOGAN & HARTSON, L.L.P. |
|---|---|
| By: _____ | By: _____ |
| David l. Greenberger | Barbara M. Roth |
| Andrea M. Paparella | Christine M. Wilson |
| Date: 8/8/08 | Date: 8/8/2008 |

SO ORDERED: *This Order is subject to modification by The Court.*

8/11/08 _____
UNITED STATES MAGISTRATE JUDGE

7